John Demerski v. Commissioner.
Demerski v. Commissioner
Docket No. 2089-68.
United States Tax Court
T.C. Memo 1969-96; 1969 Tax Ct. Memo LEXIS 202; 28 T.C.M. (CCH) 533; T.C.M. (RIA) 69096; May 14, 1969, Filed John Demerski, pro se, 105 6th St., Bristol, Conn. Rudolph J. Korbel, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent determined an income tax deficiency against petitioner for the year 1965 in the amount of $132 by disallowing a claimed dependency exemption deduction under section 151(a) and (e) and section 152(a)(1) of the Internal Revenue Code *203 [1] for petitioner's son, Rovert William Demerski, hereinafter called Robert. Petitioner resided in Bristol, Connecticut, at the time the petition herein was filed and his individual income tax return for the year in issue was filed with the district director for the district of Hartford, Connecticut. During 1963 petitioner, his wife, and his daughter, Laura Ann, who had been born in 1962, lived with the wife's mother in her single-family residence, occupying two bedrooms thereof and having the use of the entire house. In December 1963 petitioner and his wife separated. She continued to live in the same quarters in her mother's house and Laura Ann continued living there with her. In May 1964 petitioner's son, Robert, was born. Douring the year in issue petitioner contends and respondent concedes that petitioner contributed $8 per week toward Robert's support for a total of $416 and petitioner estimates that in addition he contributed gifts, groceries and clothing for Robert in the amount of $50, contending consequently that for the year 1965 his contributions for Robert totaled $466. Petitioner claimed dependency *204 exemption deductions for both Robert and Laura Ann on his 1965 return. Respondent has not disturbed the claim for Laura Ann but has disallowed the claim for Robert. 534 We cautioned petitioner at the time of trial herein that it was his burden under section 152 of the Internal Revenue Code to prove that he had furnished more than half of Robert's support for the year in issue and that this necessarily entailed not only proof of his own contributions but also proof of the total amount expended for Robert's support during the year. We have given petitioner the benefit of every doubt, yet we believe that he has failed to sustain his burden of proof on this issue and we so hold. Even giving petitioner credit for the entire $466 which he claims to have contributed for Robert, it seems clear from the record that in 1965 it took more than double that amount to support the son. Petitioner had no proof, or even accurate knowledge, of the total amount so expended but he estimated this total amount at $815. Such estimate was composed of the following items. Rent
$180
(Based upon the $45 per month rent he had paid his mother-in-law in 1963)
Food
390
($7.50 a week)
Utilities
90
(an "educated guess")
Clothing
50
(an "educated guess")
Medical expense
$ 80
(Petitioner visited his children once each week and remembered no serious illness or major expense for Robert during 1965)
Miscellaneous 25
Total
$815
*205 Some of petitioner's above estimates seem to be quite low, particularly the items for food, clothing and miscellaneous expenses. This is especially true when considered in light of petitioner's testimony that his wife had been employed as a stenographer during the entire year in issue and that he believed she had earned about $4,000. We also note that petitioner's list includes nothing for gifts, toys, etc. The record does not prove any of petitioner's items. He testified that they were simply his best estimates. We realize that taxpayer's burden is stern in a case such as this and we sympathize with petitioner's plight. Our foregoing analysis of his estimates is simply our attempt to demonstrate how close this case would have been had petitioner's proof of his estimates been adequate. Slightly more than $100 contributed toward Robert's support (over and above petitioner's estimates) would have served to deny petitioner the deduction which he seeks. Decision will be entered for the respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954.↩